THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VENUS WENSERITT and ELSIE PENA | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15 CV 10496 |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| CASTINO PAINTING COMPANY, INC. | ) | Magistrate Judge |
| d/b/a CASTINO PAINTING & HOME | ) | |
| SERVICES, and Illinois corporation, | ) | |
| ROGER CASTINO, individually, and | ) | |
| CHRISTINE CASTINO, individually, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

1. This is an action brought by Plaintiffs, Venus Wenseritt (hereinafter "Wenseritt"), and Elsie Pena (hereinafter "Pena") (Wenseritt and Pena hereinafter collectively referred to as "Plaintiffs"), for the purpose of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1, *et. seq.* (hereinafter "IMWL")*,* and the Illinois Wage Payment Collection Act as amended, § 820 ILCS 115/1, *et. seq*. (hereinafter "IWPCA"), for unpaid compensation, unpaid overtime compensation, liquidated damages, punitive damages, costs, attorneys' fees, declaratory relief, injunctive relief, and/or any such other relief the Court may deem appropriate.

## PARTIES

2. Plaintiff Wenseritt is an "employee" of Defendants, within the meaning of FLSA, 29 U.S.C. § 203(e), IMWL, § 820 ILCS 105/3, and IWPCA, § 820 ILCS 115/2. She is an adult resident citizen of the Northern District of Illinois employed as a scheduler for the Defendants.

3. Plaintiff Pena is an "employee" of Defendants, within the meaning of FLSA 29 U.S.C. § 203(e), IMWL, § 820 ILCS 105/3and IWPCA, § 820 ILCS 115/2. She is an adult resident citizen of the Northern District of Illinois employed as an office assistant for the Defendants.

4. The Defendant, Castino Painting Company, Inc., d/b/a as Castino Painting & Home Services (hereinafter "Castino Painting"), provides painting and other home improvement and restoration services primarily to residential clients. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. Defendant is a corporation organized and existing under the laws of the State of Illinois. The Defendant is, and at all relevant times, has been, the employer of the Plaintiffs.

5. Defendant, Roger Castino, is an owner or operator of Castino Services. The Defendant is, and at all relevant times, has been, the employer of the Plaintiffs.

6. Defendant, Christine Castino, is an owner or operator of Castino Services. The Defendant is, and at all relevant times, has been, the employer of the Plaintiffs.

7. During all relevant times Defendants Castino Painting, Roger Castino, and Christine Castino (hereinafter collectively referred to as the "Employer" or "Defendants") were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs, and therefore, are as defined as an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), IMWL, § 820 ILCS 105/3, and IWPCA, § 820 ILCS 115/2.

## JURISDICTION AND VENUE

8. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b), and 28 U.S.C. §§1331, 1337 and 1367(a).

9. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202, and 29 U.S.C. §216(b).

10. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

11. Since 2007, Plaintiff Wenseritt has been employed by Defendants as a scheduler, whose primary job duty is to schedule service dates with the clients, in accordance with the Employer's work calendar, for the Employer's employees to perform painting & other home improvement services at client residences.

12. Wenseritt was scheduled to work forty-five (45) hours per week, in accordance with a verbal employment agreement with the Employer. However, since 2007, Wenseritt worked forty-seven and one-half (47.5) hours per week as she routinely worked through her one-half (0.5) hour lunch break.

13. Since 2007, the Employer has not paid Wenseritt one and one-half (1½) times her regular rate of pay for the hours she worked in excess of forty (40) hours per week, as required under the FLSA, IMWL, and IWPCA.

14. The Employer also supplied Wenseritt with a cellular phone to use as part of her job duties so that supervisors and workers could contact Wenseritt when she was on and "off the clock" to either call off of work, change work schedules, reschedule appointments or cancel the services to be performed.

15. At the direction of the Employer, Wenseritt would then call other employees to either fill-in for the absent employees, or take steps to cancel or reschedule services at the clients' residences. Wenseritt would also need to contact clients to notify them of the cancellation or rescheduling of services.

16. Wenseritt was required to perform extensive off-duty work as a result of "off the clock" contact via her work-provided cellular phone, on average, three (3) to four (4) times per week.

17. The Employer has not paid Wenseritt anything for her "off the clock" work described in paragraphs 14-16, as required under the FLSA, IMWL, and IWPCA.

18. Since 2014, Pena has been employed by the Employer as an office assistant, whose primary job duties were to answer incoming phone calls and perform clerical work at the Employer's office.

19. Pena was scheduled to work forty-two and one-half (42.5) hours per week, in accordance with a verbal employment agreement with the Employer. However, since she began her employment, Pena worked forty-five (45) hours per week as she routinely worked through her one-half (0.5) hour lunch break.

20. Since Pena began her employment, the Employer has not paid Pena one and one-half (1½) times her regular rate of pay for all the hours she worked in excess of forty (40) hours per week, as required under the FLSA, IMWL, and IWPCA.

## COUNT I: FLSA CLAIM

21. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiffs Wenseritt and Pena are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week, during the three (3) years preceding the filing of this action.

22. Defendants have willfully violated the FLSA by administering an unlawful compensation system that intentionally, or with a reckless disregard, failed to pay Plaintiffs the overtime wages due to them for hours worked.

23. Plaintiffs are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §216(b).

24. Defendants failed to keep appropriate records as required by the FLSA, with respect to the Plaintiffs, sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

### RELIEF

**WHEREFORE**, Plaintiffs Venus Wenseritt and Elsie Pena respectfully request that this Court:

A. Enter a declaratory judgment declaring that Defendants have willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiffs of their entitlement under the FLSA;

B. Award Plaintiffs monetary damages in the form of unpaid overtime wages due and owing to them for each hour Plaintiffs worked but for which the Defendants failed to pay Plaintiffs at a rate equal to one and one-half (1½) times regular rate at which they were employed;

C. Award Plaintiffs liquidated damages equal to their unpaid overtime compensation pursuant to 29 U.S.C. §216(b);

D. Award Plaintiffs their reasonable attorney's fees, costs, and expenses, to be paid by Defendants pursuant to the FLSA; and

E. Grant such other relief as may be just and proper.

### COUNT II: VIOLATION OF STATE LAW IMWL

25. Count II fully incorporates all facts in paragraphs 1 – 24 as if fully stated herein.

26. The matters set forth in this Count arise from Defendants' violations of the minimum wage and overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4.

27. Defendants violated the IMWL, 820 ILCS 105/4(a), by refusing to compensate Plaintiffs for all hours worked in excess of their regularly worked hours in a given work period at a rate not less than one and one-half (1½) times the regular rate at which they were employed.

28. Pursuant to 820 ILCS 105/12(a), Plaintiffs are to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

29. The Defendants' violations of the IMWL were willful in that the Defendants were aware, or should have been aware, of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

## **RELIEF**

**WHEREFORE**, Plaintiffs Venus Wenseritt and Elsie Pena respectfully request that this Court:

A. Enter a declaratory judgment declaring that Defendants have willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiffs of their entitlement under the IMWL;

B. Enter injunctive relief enjoining Defendants from violating the IMWL;

C. Award Plaintiffs monetary damages in the form of unpaid overtime wages due and owing to them for each hour Plaintiffs worked but for which the Defendants failed to pay Plaintiffs at a rate equal to one and one-half (1½) times regular rate at which they were employed;

D. Award Plaintiffs the amount of two percent (2%) of their unpaid compensation and overtime for each month following the date of payment during which such compensation remain unpaid pursuant to 820 ILCS 105/12(a);

E. Award Plaintiffs pre-judgment interest pursuant to 815 ILCS 205/2;

F. Award Plaintiffs their reasonable attorney's fees, costs, and expenses, to be paid by Defendants; and

G. Grant such other relief as may be just and proper.

## COUNT III: STATE LAW IWPCA CLAIM

30. Count III fully incorporates all facts in paragraphs 1 – 29 as if fully stated herein.

31. The matters set forth in this Count arise from Defendants' violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et. seq*.

32. Defendants have violated the IWPCA by failing to pay Plaintiffs all wages due to them within the past five (5) years in accordance with 820 ILCS §§ 115/2-4. Defendants administered an unlawful compensation system that failed to provide compensation to Plaintiffs for hours worked in a given work period.

33. Pursuant to 820 ILCS 115/14(a), Plaintiffs are entitled to recover unpaid wages for five (5) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

34. The Defendants' violations of the IWPCA were willful in that Defendants were aware, or should have been aware, of their obligations under the IWPCA, but nevertheless attempted to circumvent its provisions.

35. As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of unpaid employment compensation. This action is brought to recover unpaid compensation, statutory penalties, damages, and pre-judgment interest owed to Plaintiffs by Defendants.

## RELIEF

**WHEREFORE**, Plaintiffs Venus Wenseritt and Elsie Pena respectfully request that this Court:

A. Enter a declaratory judgment declaring that Defendants have willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiffs of their entitlement under the IWPCA;

B. Enter injunctive relief enjoining Defendants from violating the IWPCA;

C. Award Plaintiffs monetary damages in the form of unpaid wages due and owing to them for each hour they worked but for which the Defendants failed to pay them;

D. Award Plaintiffs the amount of two percent (2%) of their unpaid compensation and overtime for each month following the date of payment during which such compensation remain unpaid pursuant to 820 ILCS 115/14(a);

E. Award Plaintiffs pre-judgment interest pursuant to 815 ILCS 205/2;

F. Award Plaintiffs their reasonable attorney's fees, costs, and expenses, to be paid by Defendants; and

G. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

*s/ Ronald C. Dahms*
RONALD C. DAHMS

Ronald C. Dahms
Paul D. Geiger
540 W. Frontage Road
Suite 3020
Northfield, Illinois 60093
(312) 609-0060